# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAYMOND M. KRUSHIN AND, ULYSSES HOFFMAN, | : : : | |
| Plaintiff, | : : | |
| v. | : : | No. 4:17-CV-1545 |
| SCI-WAYMART, *ET AL.*, | : : | (Judge Brann) |
| Defendants. | : | |

## ORDER

### JUNE 14, 2018

**I.      BACKGROUND**

Raymond M. Krushin and Ulysses Hoffman (Plaintiffs), initiated this *pro se* civil rights action regarding their prior confinement at the State Correctional Institution, Waymart, Pennsylvania (SCI-Waymart). Named as Defendants are SCI-Waymart and various members of the prison staff.

Defendants responded to the complaint by filing respective dispositive motions. Presently pending is Plaintiffs' motion seeking preliminary injunctive relief. *See* Doc. 4. The opposed motion is ripe for consideration.

The motion similarly asserts that in the nine months preceding the initiation of this action Plaintiffs were denied adequate medical treatment for "parasitic conditions" which caused them to suffer non-stop itching, a rash, and open sores.

As relief, they seek outside medical consultations.

## II. DISCUSSION

Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. *Orson, Inc. v. Miramax Film Corp.*, 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing *Skehan v. Board of Trustees of Bloomsburg State College*, 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, the United States Court of Appeals for the Third Circuit has instructed that courts should consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the challenged conduct; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. *S & R Corp. v. Jiffy Lube Int'l, Inc.*, 968 F.2d 371, 374 (3d Cir. 1992) (citing *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197-98 (3d Cir. 1990)); *Instant Air Freight v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989); *Premier Dental Prods. Co. v. Darby Dental Supply Co.*, 794 F.2d 850, 852 (3d Cir. 1986). It is the moving party who bears the burden of demonstrating these factors. *See Dorfman v. Moorhous*, No. Civ. A. 93-6120, 1993 WL 483166, at *1 (E.D. Pa., Nov. 24, 1993).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that, if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. *Continental Group, Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 356 (3d Cir. 1980). The Third Circuit has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." *Instant Air Freight*, 882 F.2d at 801. A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm." *Id*.

The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued. *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264 (3d Cir. 1985). Speculative injury does not constitute a showing of irreparable harm. *Continental*, 614 F.2d at 359; *see also Public Serv. Co. v. West Newbury*, 835 F.2d 380, 383 (1st Cir. 1987). The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Instant Air Freight*, 882 F.2d at 801 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1964)).

**A. Krushin**

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459

(1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.). Furthermore, an inmate's claim for injunctive and declaratory relief fails to present a case or controversy once the inmate has been transferred. *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); *see also Carter v. Thompson*, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

Shortly after the filing of this action, Plaintiff Krushin notified this Court that he had been released and was residing at a substance abuse treatment center. *See* Doc. 12. Thereafter, Krushin informed the Court that he had violated his parole and was currently housed at the State Correctional Institution, Camp Hill, Pennsylvania. *See* Doc. 34. There is no indication that Krushin will be returned to SCI-Waymart in the near future.

In light of Plaintiff Krushin's departure from SCI-Waymart, he is no longer subject to the alleged lack of adequate medical care at that prison. Therefore,

Krushin's request for preliminary injunctive relief is subject to dismissal on the basis of mootness under the standards announced in *Steffel* and *Wahl*.

B.  **Hoffman**

Defendants note that Plaintiff Hoffman was diagnosed by the prison's medical staff as having ringworm and an unspecified skin condition and was provided with treatment. *See* Doc. 21, p. 2. Hoffman was subsequently seen by an outside dermatologist at least three times. As a result of this treatment by an outside specialist, further treatment was prescribed. Defendants add that additional follow-up treatment for Hoffman is planned. *See id.*

Hoffman bears the burden of demonstrating entitlement to preliminary injunctive relief. Based on an application of the above standards to the Plaintiff's pending request, this Court is not satisfied that Hoffman has satisfied his burden of showing that he will prevail on the merits of his pending action.

Second, given that Hoffman is presently receiving care by the prison's medical staff, as well as an outside dermatologist, he has also failed to satisfy his burden of establishing that he is in danger of suffering irreparable harm at the time the requested preliminary injunction is to be issued. Accordingly, Plaintiffs' motion seeking preliminary injunctive relief will be denied.

**AND NOW**, for the reasons set forth herein, **IT IS HEREBY ORDERED** that Plaintiffs' motion for preliminary injunctive relief (Doc. 4) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge