# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAYMOND M. KRUSHIN, | No. 4:17-CV-01545 |
| Plaintiff, | (Judge Brann) |
| v. | (Magistrate Judge Carlson) |
| SCI - WAYMART,<br>CORRECT HEALTH CARE<br>ADMINISTRATION,<br>WARDEN SOMMERS,<br>DEPUTY WARDEN DELROSSO,<br>DR. TOMAZIC,<br>DR. EISEN BURG,<br>LPN GINO CARACHILO,<br>DISIREE HARTMAN,<br>PA-C VILLANO,<br>PA-C LOOMIS, and<br>PA-C JANE DOE,<br>Defendants. | |

## ORDER

**MARCH 8, 2019**

Raymond M. Krushin, a Pennsylvania state prisoner, has filed a 42 U.S.C. § 1983 complaint alleging that numerous defendants violated his Eighth Amendment rights. On January 29, 2019, Magistrate Judge Martin C. Carlson issued two separate Reports and Recommendations, recommending that this Court grant a motion to dismiss filed by several defendants and a motion for summary judgment filed by the remaining defendants on the ground that Krushin failed to exhaust his administrative remedies. Both recommendations were mailed to Krushin at his last

known address at the Luzerne County Prison but were returned as undeliverable with a notation that Krushin has been released from custody. (ECF No. 92). Krushin has not provided the Court with an updated address.

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error. Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed). Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)). Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Local Rule 72.31.

Krushin did not file objections to the report and recommendation, although this is due to the fact that the Court's mailing was returned as undeliverable.[1] Even

---

[1] This Court's Local Rule 83.18 requires that pro se plaintiffs maintain on file with the clerk of court a current address to receive notice and motions. Failure to comply with Rule 83.18 constitutes both a failure to comply with the court's order and a failure to prosecute, both of which may warrant dismissal. *See* Fed R. Civ. P. 41(b); *Roberts v. Ferman*, 826 F.3d 117, 122 (3d Cir. 2016); *Walter v. Wetzel*, No. 4:17-CV-906, 2019 WL 407477, at *1 (M.D. Pa. Jan. 15, 2019) (collecting cases). Even if Krushin had exhausted his administrative remedies, this Court would

2

conducting de novo review of the magistrate judge's recommendation, the Court concludes that the magistrate judge correctly determined that Krushin failed to exhaust his administrative remedies. Moreover, Krushin's claims are now procedurally defaulted. *See* DC-ADM 804 §§ 1(A)(9), 2(A)(1)(a), 2(B)(1)(b) (setting forth 15-day deadlines for pursuing each step of grievance process). Because Krushin has demonstrated neither cause nor prejudice for this default, his claims may not be reviewed by this Court, and dismissal with prejudice is appropriate. *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761 (3d Cir. 1996). Consequently, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Martin C. Carlson's Reports and Recommendations (ECF Nos. 89, 90) are **ADOPTED IN THEIR ENTIRETIES**;

2. Defendants' motions to dismiss (ECF No. 76) and for summary judgment (ECF No. 79) are **GRANTED**;

3. The complaint (ECF No. 1) is **DISMISSED** with prejudice; and

4. The Clerk of Court is direct to close this case.

                                            BY THE COURT:

                                            *s/ Matthew W. Brann*
                                            Matthew W. Brann
                                            United States District Judge

---

conclude that dismissal of Krushin's complaint for failure to prosecute or comply with a court order is appropriate under the relevant factors set forth by the United States Court of Appeals for the Third Circuit. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) (setting forth factors).